HAROLD R. SMITH *et al., Co-ex'rs vs.* CHARLES H. CAMPBELL.

JULY 22, 1954.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J.   This is an action of assumpsit on a promissory note for $2,125.   A jury in the superior court returned

a verdict for the plaintiffs in the sum of $2,412.89, including interest. The defendant's motion for a new trial was heard and denied. The case is before us solely on his exception to certain language of the trial justice in directing the jury, after they had deliberated briefly, to retire for further consideration of the case. All other exceptions have been expressly waived.

The issue for the jury to determine was a simple one, namely, whether defendant had in fact made an alleged partial payment on the note in the lifetime of Arthur E. Desrochers, plaintiffs' testator and the payee of the note. Since the facts are not questioned by defendant it is unnecessary to set forth the conflicting evidence in the case.

Under the exception that he now presses, defendant contends that the remarks of the trial justice which we are about to quote coerced the jury in arriving at their verdict. It appears that shortly after retiring for deliberation they returned to the courtroom with the report that they had "not reached a verdict." There is nothing in the record to show that up to that time the trial justice had interfered in any way with their consideration of the case. Apparently believing that such report was premature he, among other things, told them that they had been out only "an hour or a little better," which was "not a long time"; that "We are here to do justice between the parties"; and that if the "very simple" question of fact at issue was not decided by them it would have to be submitted to another jury. He concluded his observations by saying: "The court does not intend to take a disagreement," which statement furnishes the basis for defendant's present claim that the jury were thereby coerced to agree on a verdict.

It further appears that after the jury had resumed deliberations they returned for instructions as to whether the fact that defendant had no independent proof to support his testimony of part payment on the note would defeat such claim. Answering that question favorably to the de-

fendant, the trial justice said: "The answer is no. The absence of a receipt is not conclusive against the defendant. You have a right to take that into consideration. The fact there is no receipt is not conclusive."

The basic principle to which the courts uniformly adhere in dealing with allegedly coercive instructions is that a trial justice must not interfere with the free and unbiased judgment of the jury. We know of no general rule by which to determine whether the questioned remarks, which vary widely in form and substance in each case, have in fact violated that principle. Broadly speaking, a trial justice exceeds his authority if it fairly appears that the challenged statement or direction operates to coerce the jury into an agreement. In each instance the propriety of his remarks addressed to a jury after retirement must be measured by the ordinary meaning of the language employed in the light of the surrounding circumstances and the subject matter under discussion.

In the instant case defendant is not warranted in disassociating from its context the statement of the trial justice that he did not intend to take a disagreement and then argue therefrom that the jury were coerced into an agreement. In so doing, he plainly disregards the meaning reasonably attributable to that statement when it is related to the immediately preceding circumstances as set forth and with which it is inextricably connected.

A fair reading of the trial justice's remarks as a whole clearly means that, in view of the simplicity of the issue and the relatively short period that the jury had been considering the case, he was not disposed to accept a disagreement *at that time*. There was no intimation that they must agree upon a verdict and that they would be held together until they did so. The burden of his remarks was that in the circumstances they should continue their deliberations in justice to all concerned. See *Petrarca v. McLaughlin,* 75 R. I. 1. It is evident that the jury here understood the real

meaning of the court's remarks as they subsequently returned for further instructions favorable to the defendant, thus plainly indicating that a new train of thought had directed them to a closer and more just consideration of the evidence in the case.

When the jury should be released from considering a case if unable to agree on a verdict lies in the sound discretion of the court. In the circumstances presently before us we are of the opinion that the trial justice did not abuse such discretion and that the remarks challenged did not coerce the jury into an agreement.

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Coffey, Ward, Hoban & McGovern, Charles J. McGovern,* for plaintiffs.

*William J. McGair,* for defendant.